Joseph J. Milano, Esq. Informal Opinion Town Attorney No. 95-56 Town of Ossining 16 Croton Avenue Ossining, N Y 10562
Dear Mr. Milano:
You have asked whether a town board is authorized to appoint two court clerks, one assigned to each of the two elected town justices. Each clerk would be responsible only for that judge's work.
You have raised this question in light of amendments to the Town Law providing:
 [t]he clerk of the court of a town shall be employed and discharged from employment only upon the advice and consent of the town justice or justices.
Town Law § 20(1)(a). Identical language appears in section 20(1)(b), applicable to towns of the second class. In that this provision refers to the "clerk of the court", suggesting the existence of one clerk for the town court, you inquire whether this is a limitation on the number of clerks who may serve a town court.
In our view, the above-quoted language is not a limitation on the number of clerks. We believe that a town board may appoint a clerk to serve each town justice. This language was added by chapter 252 of the Laws of 1990. The legislative bill jacket indicates that the sole purpose of the amendment was to require that town justices consent to the employment and discharge of court clerks. L 1990 ch 252, Bill Jacket, Memorandum on Senate 3566 and Assembly 5740 by Senator Volker and Assemblyman Graber. There is no indication in the legislative history of an intent to limit the number of clerks who may be appointed by the town board. Town justices are responsible for the operation of their respective courts.Id.; May 2, 1990 Memorandum in Support of S3566 and A5740 by the Office of Court Administration. Each town justice is required to keep legible and suitable books, papers, records and dockets. Id. They are required to maintain financial records and promptly deposit all money received by the court. Id. For failure to comply with these responsibilities, town justices may be disciplined or even removed from office. Id. In order to discharge these responsibilities, local justices are heavily dependent upon the ability, industry and trustworthiness of the clerks of their courts. Id. Through the amendment to section 20 of the Town Law, town justices have been given the authority to consent to the employment and discharge of their court clerks on whom they rely heavily.
Statutory provisions giving to the town board control over non-judicial personnel pre-existed the amendments to section 20 and were left unchanged by the amendments. The town board has responsibility for the appointment of non-judicial personnel of the town court. Uniform Justice Court Act § 109. Further, decisions as to the number of non-judicial officers and employees who will serve the town court is in the hands of the town board. Id.; see also, Town Law § 20, granting to the town board authority to appoint the officers and employees of the town. We note that section 41(1)(d) of the Civil Service Law, defining the exempt class of the civil service, provides that one clerk of each elected judicial officer is in the exempt class and, also, one deputy clerk of any justice of the supreme court. Thus, there is a recognition in this provision that each elected town justice may have his or her own court clerk. We find no legislative intent that the above-quoted amendments to section 20 of the Town Law were intended to limit the number of court clerks that could be appointed by the town board. We believe, therefore, that a town board may appoint a court clerk to serve each of its town justices.
We conclude that 1990 amendments to section 20 of the Town Law granting to town justices the authority to consent to the appointment and discharge of the court clerk were not intended to limit the town board to the appointment of only one clerk.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
JAMES D. COLE
Assistant Attorney General in Charge of Opinions